Richard COGER d/b/a Huntsville
Lumber Company, Appellant,

v.

KILBORN LEASING COMPANY,
Appellee.

No. 83–2622.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 23, 1984.

Decided May 16, 1984.

Rehearing Granted July 2, 1984.*

James F. Dickson, Fayetteville, Ark., for appellant.

* Opinion vacated.

William A. McNutt, Denz, Lowe, Moore, McNutt, Turner & Wrigley, Decatur, Ill., James E. Crouch, Cypert & Roy, Springdale, Ark., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

The plaintiff, Richard Coger, appeals from the district court's[1] entry of judgment for the defendant, Kilborn Leasing Company, on its counterclaim. We agree that the defendant is entitled to prevail on its counterclaim, but we reverse and remand for a redetermination of damages in accordance with this opinion.

On November 10, 1978, the parties entered into an agreement for the lease of a car, a 1979 Excalibur Phaeton. The agreement provided that the plaintiff would pay the defendant $685.00 per month for a period of 36 months. Under paragraph 6(b), the agreement provided that at the end of the lease the plaintiff was to return the car to the defendant along with $20,000.00. This figure represented the 1981 depreciated value of the car. Upon receiving the car, the lease required that the defendant sell the car at the highest offer. This sale price was to be offset against the $20,-000.00 depreciated value (as stated in the contract), in the plaintiff's favor. In other words, the plaintiff would receive the difference between the sale price and the depreciated value. If the sale price was as high as the depreciation value, the defendant would refund the entire $20,000.00 to the plaintiff.

Paragraph 6(c) was analogous to 6(b) except that it provided a factor for downward adjustment of the car's depreciation value in the event that the parties wanted to extend the lease. Paragraph 6(c), in pertinent part, is as follows:

If the lease is terminated during any extended term, the Termination Value

1. The Honorable Oren Harris, United States District Court for the Western District of Arkansas.

shall be the Depreciated Value at the end of the initial term less the product of the monthly Depreciation Reserve for the extended term as specified on Lessee's Order times the number of months that have elapsed since the beginning of the extended term....

An examination of the Lessee's Order form reveals that the parties failed to provide for the monthly "Depreciation Reserve."

The lease expired on November 30, 1981. The plaintiff did not return the car to the defendant. Rather, the plaintiff filed suit seeking a declaratory judgment regarding the enforcement of an alleged oral agreement that he and the defendant entered into, during January of 1981. Allegedly, this agreement would have vested title, to the car, in the plaintiff, under certain conditions. The defendant counterclaimed seeking recovery of the car, damages equal to the reasonable rental value of the car since the end of the lease, and damages equal to the loss or gain resulting from the sale of the car according to paragraph 6 of the lease. On the day of trial, during an in-chambers hearing, the plaintiff dismissed his claim and the court ruled on the defendant's counterclaim.

The trial court held that the lease was valid and enforceable, and that the plaintiff's wrongful retention of the car had resulted in a unilateral extension of the lease. Thus, the court held that the lease was extended and the plaintiff was liable for: twenty-three months rent on the car at $685.00 per month, which amounted to $15,755.00; interest on the late rental payments, as provided for in paragraph 12 of the lease, at the rate of 1½% per month or 18% per annum, which amounted to $2,835.96; and the depreciated value of $20,000.00 as provided for in paragraph 6(b) of the lease, less a security deposit of $2,500.00. The total amount of damages was $36,090.96.

We agree that the contract was valid, and that the plaintiff's failure to return the car at the end of the rental period constituted an extension of the lease. However, we think that the trial court's assessment of damages was, according to the terms of the contract, incorrect and we reverse on this basis. *Fed.R.Civ.P.* 52(a). Once the trial court had found that the lease had been extended, it was bound by the contract to apply paragraph 6(c) of the lease, which called for an adjustment of the depreciated value of the car, for the determination of damages. Instead, the court applied paragraph 6(b), which provided the 1981 depreciation value of the car, plus a continuing monthly rental of $685.00 per month. We think the monthly rental figure should be reduced based on the 1981 depreciated value of the car in determining damages.

It is true that the parties failed to provide for the monthly "Depreciation Reserve" term in the contract, the figure which would have adjusted the depreciation value of the car in the event the parties extended the lease. However, the lease stipulates that at the end of the rental period in 1981 the car was worth $20,000.00. Thus, the plaintiff cannot be held liable for more than the car, plus interest, was worth. By the same token, the plaintiff has had the reasonable use of the car since the end of the rental period in 1981. At best, the plaintiff is liable for rental payments, based on the depreciated value of the car or for $20,000.00 plus compounded interest from the date of the extension (December 1, 1981) to the date of payment, less the current value of the car if delivered to the defendant. However, the plaintiff is liable *either* for the depreciation value on the car plus interest *or* the rental value plus interest on the car, but not for both, less his security deposit of $2,500.00. Further, payment of the 1981 depreciated value of the car, $20,000.00 plus interest, should entitle the plaintiff to ownership of the car, if plaintiff does not turn in the car to the defendant for credit.

We note that in the contract the parties agreed that there would be a 1½% per month, or 18% per annum, interest rate charge on late rental payments. If the plaintiff opts to reimburse the defendant for the rental value of the car, the 18% per

annum interest rate is the rate which applies. If the plaintiff opts to buy the car at its 1981 depreciated value, the applicable interest rate should be the prevailing rate for car loans, compounded quarterly. Finally, we note that the damages are to be calculated from the time the lease expired, November 30, 1981, to the time the plaintiff either returns or buys the car. Accordingly, we affirm in part but reverse and remand for a redetermination of damages in accordance with this opinion.